Lawrence **DONOVAN**

v.

**BISHNU J. RAUTH, LTD., et al.**

No. 93–345–A.

Supreme Court of Rhode Island.

April 11, 1994.

Lewis J. Paras, John Flanagan, Petrarca & McGair, West Warwick, for plaintiff.

Mark C. Hadden, Gidley, Sarli & Marusak, Providence, for defendant.

## OPINION

PER CURIAM.

This matter came before a panel of the Supreme Court on March 15, 1994, pursuant to an order directing the plaintiff to appear and to show cause why the issues raised in this appeal should not be summarily decided. In this case the plaintiff has appealed from a Superior Court order granting the defendant's motion for directed verdict in a medical malpractice action. After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown.

At trial plaintiff, Lawrence Donovan, testified that on August 13, 1984, he became seriously ill with nausea and dizziness at a party at his home. The next day he called defendant, Dr. Bishnu J. Rauth, the internist who had been treating his diabetes for about one year. The plaintiff described his ailment and stated specifically that he could not hear out of his left ear. The plaintiff testified that defendant told him he may be suffering from an inner-ear infection and prescribed two forms of medication. According to plaintiff, defendant indicated that he would arrange an appointment for plaintiff with an ear, nose, and throat specialist (ENT).

Three days later defendant examined plaintiff, diagnosed an inner-ear inflammation and prescribed ear drops. During that visit plaintiff alleged defendant canceled an appointment that he had arranged for plaintiff with an ENT. Two months later, after plaintiff finally visited with an ENT because of his continuing problems, plaintiff learned that he had permanently lost the hearing in his left ear. It is upon these facts that plaintiff brought suit alleging negligence and misdiagnosis.

The plaintiff's appeal focuses on the propriety of the trial justice's in limine ruling excluding portions of the deposition testimony of plaintiff's sole expert witness, Dr. Evan Lee (Dr. Lee), a specialist in the area of internal medicine. Doctor Lee had been a specialist for approximately three years at the time of his deposition. The trial justice excluded all Dr. Lee's testimony regarding the applicable standard of care owed by internists in 1984 because Dr. Lee was a medical student at that time.

This court stated that "expert witness[es] must possess 'special knowledge, skill or information about the subject matter acquired by study, observation, practice or experience.'" *Richardson v. Fuchs,* 523 A.2d 445, 447 (R.I.1987). This court has never held that an expert witness was not qualified to testify on the subject matter because he or she had not achieved expert status at the time of the substantive event. "A rule which would require an expert witness to have been an expert at the time of the questioned event would prevent proof based upon knowledge of historical events. Application of standards

to conduct which predates the oldest living expert would be excluded by such a ruling as made by the trial court in this case." *Grindstaff v. Coleman*, 681 F.2d 740, 743 (11th Cir.1982).

 We believe it can be reasonably assumed that a physician who has become board certified in his particular specialty has, by study and research, acquired knowledge of that specialty as the specialty had progressed from its inception up to the time of his or her qualification. Thereafter, the doctor's knowledge is based on his or her personal experiences and observations. The standard to be established is reasonable medical care, under all the circumstances, at the time of the event. We conclude, therefore, that Dr. Lee's status as a medical student at the time the events in question occurred would not necessarily disqualify him as an expert witness in this case.

However, other valid reasons existed that supported the granting of the motion for directed verdict. In *Richardson* we also said that "[a]lthough * * * statements in a treatise are admissible in a medical-malpractice action as evidence tending to prove the facts or opinions they contain, they cannot be relied upon in the absence of other evidence to establish deviation from the standard of care." 523 A.2d at 450. In his deposition Dr. Lee testified that if defendant had referred plaintiff to an ENT immediately there would have been an increased probability of regaining the lost hearing. Doctor Lee based his opinion exclusively on two articles that he had read. He testified that he was not an ENT and that he had never used or observed the course of treatment described in the articles. He admitted also that the treatment might successfully rectify *moderate* hearing losses only.

 The plaintiff presented no evidence that he had sustained anything other than *total* hearing loss at the time he sought treatment from the defendant. He presented no other evidence that immediate treatment by an ENT could have reversed or reduced the total hearing loss that he suffered. The plaintiff failed to present evidence that could establish proximate causation. In the absence of any evidence that but

for the defendant's negligence the plaintiff would not have suffered a permanent hearing loss, the motion for directed verdict was properly granted.

For these reasons the plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.

MURRAY, J., did not participate.